OPINION OF THE COURT
Louise Gruner Gans, J.
Respondent’s motion to dismiss the nonpayment petition and for an order to correct violations is denied. Respondent is a rent-controlled tenant who has qualified for a senior citizen rent increase exemption (SCRIE). A SCRIE renewal order was *974 issued to respondent on December 14, 1990 and covered the period from January 1, 1990 to December 31, 1990. The order listed her current monthly rent as $193.14, with a monthly exemption/abatement of $45.21, resulting in a monthly payable rent of $147.93. The petition in this proceeding states that respondent’s rent is $209.07. Petitioner produced a Department of Housing and Community Renewal (DHCR) order dated May 8, 1990, increasing respondent’s maximum/legal regulated rent by $61.14, "based upon increased service, new equipment or improvements to the apartment, to which the tenant has consented.” The items listed on the order are seven primary windows, new combination sink and counter, fireproof entrance door, and kitchen cabinets.
Respondent argued that the petition fails to state a cause of action since, based on her SCRIE order, the amount of rent sought by petitioner is incorrect. Respondent also argued that the jurisdictional requirement of a prior demand for the correct amount of rent is absent. Addressing the DHCR order produced by petitioner in opposition to the motion, respondent argued that the SCRIE order relieved her of the obligation to pay any further rent increases, and that the SCRIE order superceded the DHCR order because it was issued seven months later.
Respondent’s arguments overlook the statutory exceptions in section 26-405 (m) (3) (a) (iii) of the Administrative Code of the City of New York for rent increases that the landlord can collect notwithstanding the tenant’s having obtained a SCRIE order.
Section 467-b of the Real Property Tax Law empowers any municipal corporation in New York State to enact a local law providing for a real estate tax abatement for rent-controlled and rent-regulated apartments occupied by senior citizens. The owner receives a tax abatement equal to an increase in the senior citizen tenant’s maximum rent and the senior citizen tenant is exempt from paying the increase. In New York City, section 26-405 (m) of the Administrative Code was enacted pursuant to RPTL 467-b, and created the statutory framework for the city’s SCRIE program that specifically covers rent-controlled tenants. As a program established under the city’s local law, SCRIE is administered by the city’s Department of Housing Preservation and Development which has its own regulations and is guided by the State regulations in 9 NYCRR 2202.20.
*975 Generally under the SCRIE program, a landlord may not collect a rent increase from a rent-controlled tenant who has been issued a SCRIE order. (Administrative Code § 26-405 [m].) For example, a tenant is exempt from paying an increase for a major capital improvement. (Administrative Code § 26-405 [m] [3] [a] [iii]; § 26-405 [g] [1] [g].) However, section 26-405 (m) (3) (a) (iii) expressly excepts three specific types of rent increases from the SCRIE, resulting in the landlord’s being able to collect such increases from a tenant even though she has obtained a SCRIE order. (Administrative Code § 26-405 [m] [3] [a] [iii].) One type of increase that falls within the section 26-405 (m) (3) (a) (iii) exceptions is an increase based upon section 26-405 (g) (1) (e) of the Administrative Code and 9 NYCRR 2202.4 when: "The landlord and tenant by mutual voluntary written agreement, subject to the approval of the city rent agency, agree to a substantial increase or decrease in dwelling space or a change in the services, furniture, furnishings or equipment provided in the housing accommodations”.
Here, it is clear from the face of the DHCR order that the $61.14 increase is attributable to an increase that falls within this exception to the SCRIE. The order provided that the increase was granted pursuant to 9 NYCRR 2202.4 based upon an express finding that respondent had consented to new equipment or improvements to her apartment. Thus, under section 26-405 (m) (3) (a) (iii), respondent’s SCRIE order did not provide her with an exemption from paying this particular increase. Moreover, respondent’s SCRIE order even stated that she "is NOT exempt from paying increase ordered for services and equipment.”
Accordingly, respondent’s motion to dismiss the petition is denied. As to respondent’s request for an order to correct violations, the existence of any such violations, petitioner’s obligation to correct them, and their effect on respondent’s rent obligation, are issues to be determined at trial.